UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARBARA HIZA, | ) Case No. ED CV 06-00567-VBK |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| v. | ) (Social Security Case) |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | ) |
| | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified Administrative Record ("AR"). After reviewing the matter, the Court

---

   [1] On February 1, 2007, Michael J. Astrue became Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

concludes that the decision of the Commissioner must be affirmed.

In Plaintiff's first issue, she asserts that the Administrative Law Judge ("ALJ") did not properly consider the side effects of her medications. (Joint Stipulation ["JS"] at 2-6.)

Plaintiff references her Disability Report, which indicates that she takes Toprol for an irregular heartbeat. (AR 106.)[2] The reported side effects stated in the Disability Report from Toprol are sleepiness and serious palpitations. (AR 106.)

In another document entitled "Disability Report - Appeal," dated June 13, 2004 (AR 122-128), Plaintiff notes that she takes a Nitrotab for chest pains, with side effects of severe instant headache and fatigue. (AR 125.)

The ALJ's decision did not factor side effects of any of these medications. Plaintiff argues, however, that objective medical evidence supports her subjective complaints of these side effects. For example, she notes that on August 28, 2003, treatment notes corroborate the side effects of Toprol. (AR 344.) On September 3, 2003, a treatment note documented that Plaintiff had discontinued Toprol. (AR 187.)

Plaintiff correctly notes that Social Security Ruling ("SSR") 96-7p, and applicable regulations (see 20 C.F.R. §404.1529(c)(3)(iv), 416.929(c)(3)(iv)) require that side effects of medication should be considered.

The Commissioner argues that side effects need not be factored into a disability decision if they are fleeting or unsupported by the record. (See JS at 4, citing Bayliss v. Barnhart, 427 F.3d 1211, 1217

---

[2] The document is undated, but contains references as late as August 2003. (AR 108.)

(9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).) The Commissioner's citation to the record does support the conclusion that medication side effects were not a relevant factor to be considered in the disability determination. First, in a consultative evaluation ("CE") performed on July 26, 2002, Plaintiff indicated she was not taking any medications. (AR 254.) Although it would appear that, based on treatment notes of August 2003 (AR 344), Plaintiff began taking Toprol some time after that date, as of September 2003 Plaintiff had discontinued taking Toprol. (Id.) In a record of the Victor Valley Community Hospital dated September 30, 2003, Plaintiff indicated she was not taking any medications. (AR 275.) A month later, in October 2003, Plaintiff indicated she was not taking "Nitro," but despite that, she was able to perform well on a treadmill and do light exercise and physical activity. (Id.) In June 2004, Plaintiff did complain of headaches and fatigue when taking Nitro for chest pain (AR 125). Between October 2003 and February 2004, when she was apparently taking this medication, she made only one complaint, on February 17, 2004, of headaches, while confirming that she was no longer taking Toprol. (AR 340.)

At the hearing, Plaintiff testified that she suffered fatigue all the time, not just when taking medication three times a week. (AR 378, 380.) A fair inference from this testimony would be that Plaintiff's fatigue was not due to side effects of medication. Finally, after April 2004, as the ALJ noted, Plaintiff did not require any continuous treatment for her conditions (AR 13, 340-355), and in March 2005, when she was apparently taking Nitrotab, she did not complain of side effects. (AR 358-259.)

Based on the foregoing, the evidence in the record concerning

3

medication side effects is sporadic, at best.  Moreover, the record supports a conclusion that Plaintiff either discontinued medications, which did not significantly alter her complaints, or that she took medications without articulating such complaints.  In either case, substantial evidence supports the ALJ's election not to factor medication side effects into the disability decision.

Plaintiff's second issue is that the ALJ failed to make proper credibility findings.  Plaintiff contends that the ALJ's citation of Plaintiff's description of daily activities which are fairly limited but which cannot be objectively verified, along with a conclusion that the extent of these limited activities cannot be attributed to Plaintiff's medical condition, constitutes an insufficient basis upon which to reject Plaintiff's credibility under the usual tests. Plaintiff further notes that the ALJ's decision fails to identify the particular daily activities to which the ALJ was apparently referring, which therefore establishes an insufficient rationale for this particular factor.  Plaintiff takes issue with the ALJ's conclusion that she did not seek ongoing medical attention.

The Court will first address the ALJ's reasoning that Plaintiff's credibility was diminished because she had not sought medical treatment in more than a year. (See AR at 14.)  Plaintiff disagrees with this factual conclusion, noting that the record establishes that she takes Nitrotabs several time a week and has visited the ER because of chest pains and shortness of breath. (AR 376-377.)  A single medical visit documented in the record is not the type of consistent treatment which might be expected for such serious medical complaints. An ALJ may utilize a lack of consistent treatment as one reason to discredit a claimant's testimony regarding subjective factors such as

4

pain.  See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Further, although inconsistencies between subjective complaints and medical treatment cannot constitute the sole reason to discredit subjective complaints, it is one relevant factor which can be considered. (See Burch v. Barnhart, at 681.)  Further, the report of the CE of March 2005 by Dr. Fabella was consistent with the opinion of the State Agency physicians, who assessed that Plaintiff could perform light work. (AR 362-363; 322-333; 357.)

Based on the foregoing, the Court does not find merit in Plaintiff's second issue.

Plaintiff's final issue is that the ALJ failed to properly develop the record with particular regard to her testimony at the hearing that she had additional medical visits because of chest pains and shortness of breath. (See AR at 376.)

The law does provide that an ALJ must develop the record in a case where the evidence is ambiguous, or where the record is not adequate to allow proper evaluation of the evidence. (See Mayes v. Massanari, 276 F.3d 453, 459-460 (9th Cir. 2001)); however, Plaintiff was represented by counsel at the hearing before the ALJ, and it is significant that she was given two notices to submit any additional evidence prior to her hearing. (AR 35, 39-40.)  Plaintiff's counsel failed to present any new exhibits at the hearing and, when he sought Appeals Council review, again failed to provide any new records. (AR 7-8, 371.)  Considering these facts, it becomes a matter of speculation that any new records existed which would have been material to the ALJ's decision.  It is Plaintiff's burden to produce evidence establishing disability.  Moreover, Plaintiff has failed to identify what ambiguity in the record triggered the ALJ's obligation

5

to develop the record, and the Court finds none.

For the above reasons, the Decision will be affirmed, and the matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: February 28, 2007

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE